NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH MAMMAN, | : | |
| | : | Civil Action No. 06-2688(MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | M E M O R A N D U M |
| ELAINE CHAO, | : | O P I N I O N |
| | : | |
| Defendant. | : | |

**HUGHES, U.S.M.J.**

**I.    INTRODUCTION**

This matter comes before the Court on letter application by Defendant Elaine Chao for a Protective Order [dkt. entry no.s 29-30], returnable May 19, 2008.  On April 28, 2008, Plaintiff Joseph Mamman filed opposition to Defendant's motion [dkt. entry no. 31] and Defendant replied on April 30, 2008 [dkt. entry no. 32].  The issue is whether Donyell Thompson, Esquire, who represented the Department of Labor in related administrative proceedings against the Plaintiff before the Merit Systems Protection Board ("MSPB"), may be deposed pursuant to the Federal Rules of Civil Procedure.

For the reasons stated herein, the Court finds that Defendant's Motion for a Protective Order is granted in part and denied in part.  The protective order is granted insofar as it relates to privileged communications between Ms. Thompson and her client.  It is denied, however, with respect to Ms. Thompson's knowledge of any factual information or insofar as the application seeks to preclude the deposition itself.

Moreover, the Court will preside over the deposition of Ms. Thompson to ensure the

expedited resolution of any confidentiality and privilege issues that may arise. In addition, the Court will analyze whether Plaintiff has a sound basis for making the extremely serious and disparaging accusations that Ms. Thompson actively participated in the agency's retaliation against Plaintiff by failing to produce, or that she destroyed, relevant documents, and by knowing that agency witnesses testified untruthfully.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff seeks to depose Ms. Thompson, the Department of Labor attorney who represented the agency in Plaintiff's MSPB proceedings. (*See* Def.'s Ltr. Br. at 5.) During a conference call with the Court, Plaintiff stated that the deposition would cover questions concerning Plaintiff's allegations in the Complaint that Ms. Thompson failed to produce or destroyed relevant documents. *Id.*

Plaintiff alleges that the agency retaliated against him when agency witnesses provided perjured testimony at the MSPB hearing concerning his removal from federal service and that the agency's representative, Ms. Thompson, knew of such perjured testimony. *Id.*; *see also* Pl.'s Amended Complaint. The Amended Complaint states that agency witnesses gave untruthful testimony in the MSPB proceedings, suborned perjury, and misrepresented to Plaintiff's Counsel and the MSPB Administrative Judge that the agency was not in possession of allegedly relevant documents. *Id.* at 5-6; Amended Complaint at ¶¶ 43-44. The Amended Complaint also alleged that other documents, including the draft proposal removal letter never issued to Plaintiff, did not exist. *Id.*

2

### III. DISCUSSION

Federal Rule of Civil Procedure 26(c) places the burden on the party seeking a protective order. *Cipolone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To overcome the presumption favoring discovery, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Id.* It is important to note that there is "no general prohibition against obtaining the deposition of adverse counsel regarding relevant, non-privileged information." *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990).

In *Johnston*, the Court held that the party seeking to block the attorney's deposition concerning relevant evidence will succeed if it establishes an "undue burden" or "oppression" measured by (1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony. 130 F.R.D. at 353. The Court further noted that "in cases where the attorney's conduct itself is the basis of a claim or defense, there is little doubt that the attorney may be examined as any other witness." *Id.* at 353.

Here, Defendant has not established an "undue burden" or "oppression" that is required to bar Ms. Thompson's deposition in its entirety. Ms. Thompson's alleged conduct, by Defendant's own admission, is included as part of a retaliation claim raised in Plaintiff's lawsuit. (*See* Def.'s Ltr. Br. at 7.) The Court finds that Plaintiff's allegations – that Ms. Thompson intentionally misrepresented to Mr. Mamman, his attorney, and the MSPB Administrative Judge that the

agency was not in possession of critical documentation which went to the essence of Mr. Mamman's defenses, including his claim of pretext – is not a peripheral matter. Put another way, the Court finds that this testimony, if true, goes straight to the heart of Plaintiff's retaliation claim.

Moreover, the Court finds that the information Plaintiff seeks can, in the first instance, be more readily obtained through deposing Ms. Thompson. Although the Court is mindful that this information may also be obtained from other sources, such as agency employees in Plaintiff's supervisory chain or those familiar with the agency's computer system and electronic storage of documents, it does not find that deposing Ms. Thompson creates an undue burden on Defendant.

Similarly, there is no harm to the party's representational rights if Ms. Thompson's deposition takes place in the presence of the Court so that any issues involving privileged information and confidential communications can be handled in both a swift and just manner. There is no question that the attorney-client privilege protects communications between lawyer and client that involve legal advice, but it is also well settled that an attorney may not refuse to disclose relevant facts within her knowledge merely because she incorporated a statement of such facts into her communications to her client. *See Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981). In order to protect privileged communications, the Court will permit Plaintiff to depose Ms. Thompson limiting the inquiry to questions of facts, not legal advice. The Court will take the unusual protective step of presiding over the deposition to ensure that there exists some rational basis for Plaintiff's allegations and Ms. Thompson's deposition. Because of the procedural safeguards fashioned by the Court, there is no fear that any party's representational rights will be harmed.

Finally, the Court will take the unusual protective step of presiding over the deposition to

ensure that Plaintiff's allegations are neither frivolous nor scurrilous and that there exists some rational basis for Ms. Thompson's deposition

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion is granted in part and denied in part. The protective order is granted insofar as it relates to privileged communications between Ms. Thompson and her client. It is denied, however, with respect to Ms. Thompson's knowledge of any factual information surrounding Plaintiff's allegations or insofar as the application seeks to preclude the deposition itself. The Court will preside over Ms. Thompson's deposition on Thursday, May 8, 2008 at 10:00AM at the Clarkson S. Fisher Federal Building and United States Courthouse in Courtroom 6W. An appropriate Order accompanies this Memorandum Opinion.

**DATED**: May 7, 2008