```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSEPH MAMMAN, | |
|     Plaintiff, | CIVIL ACTION NO. 06-2688 (MLC) |
| v. | **O R D E R** |
| ELAINE CHAO, Secretary, U.S. Department of Labor, | |
|     Defendant. | |

**PLAINTIFF**, Joseph Mamman, appealing pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.1(c) from an order of the Magistrate Judge filed on October 23, 2008 ("10-23-08 Order") sustaining the defendant's objections, based on the attorney-client privilege and the attorney work product privilege, to seven written questions the plaintiff intends to direct to Donyell Thompson in a deposition by written questions (dkt. entry no. 42, 10-23-08 Order);[1] and it appearing that Donyell Thompson is an attorney who represented the Department of Labor in the plaintiff's administrative proceedings before the Merit Systems Protection Board (dkt. entry no. 50, Def. Br. at 9); and it appearing that court rulings on objections to written deposition questions are not dispositive, and thus, may be

---

[1] Although the 10-23-08 Order sustains the defendant's objections as to questions 15, 17, 18, 19, 20, 21, and 33, the plaintiff only appeals the Magistrate Judge's ruling as to questions 15, 17, 18, 19, 20, and 33.  (See 10-23-08 Order; dkt. entry no. 47, Pl. Br. at 5; id., Not. of Mot.)

entered by a magistrate judge, see 28 U.S.C. § 636(b)(1)(A); and it appearing that a district court, in reviewing a magistrate judge's order in a non-dispositive matter, may modify, vacate, or reverse the order only if the order was "clearly erroneous or contrary to law," Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); and it further appearing that (1) "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quotation and citation omitted), and (2) a ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law, Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998); and

**THE COURT** noting that "[u]nder the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently," Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007) (internal quotations omitted); and the Court also noting that intervening in discovery matters and resolving ongoing disputes between the parties "is not the role of the District Judge," id. (affirming magistrate judge's scheduling order and directing the plaintiff

appellant to address his concerns with the discovery schedule to the magistrate judge); and

**THE COURT** acknowledging that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed.R.Civ.P. 26(b)(1); and the Court acknowledging that the attorney-client privilege protects communications between attorneys and clients from compelled disclosure and applies to "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client," Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Commc'ns Corp.), 493 F.3d 345, 359 (3d Cir. 2007); and the Court also noting that the attorney-client privilege protects both the giving of legal advice by the attorney, and the giving of information by the client to the attorney for the purpose of receiving legal advice, see Upjohn Co. v. United States, 449 U.S. 383, 390 (1981); and

**THE COURT** further acknowledging that, under the attorney work product privilege, generally "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" unless the party demonstrates (1) a substantial need for the materials, and (2) that it cannot obtain their substantial equivalent without undue hardship, see Fed.R.Civ.P. 26(b)(3)(A); and the Court noting that where discovery of such

materials is ordered, a court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," Fed.R.Civ.P. 26(b)(3)(B); see also Hickman v. Taylor, 329 U.S. 495, 510 (1947) (stating that "an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties . . . falls outside the arena of discovery"); and it appearing that the Court must determine whether the documents and information requested are protected by the attorney-client privilege and/or the attorney work product privilege; and

**THE COURT FINDING** that the Magistrate Judge's conclusions were not clearly erroneous or contrary to law because (1) written questions 15, 17, 18, 19, and 20 "cover communications between attorney and client that involve legal advice" (10-23-08 Order at 2), and (2) written questions 19, 20, and 33 refer to a document "prepared for the primary purpose of litigation" (id.); and the Court also finding that (1) the 10-23-08 Order "appears to have been a rational exercise of the magistrate[] [judge's] discretion," Wortman, 2007 WL 2375057, at *2, and (2) the Magistrate Judge did not commit any mistake, or misinterpret or misapply any applicable law in issuing the 10-23-08 Order, see Gunter, 32 F.Supp.2d at 164; and the Court therefore determining

that the 10-23-08 Order was not clearly erroneous or contrary to law; and the Court having reviewed and considered carefully the papers submitted by the parties and the 10-23-08 Order; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and for good cause appearing;

**IT IS THEREFORE** on this     5th     day of February, 2009 **ORDERED** that the Magistrate Judge's Order, entered on October 23, 2008 (dkt. entry no. 42), from which the plaintiff appeals (dkt. entry no. 47), is **AFFIRMED;** and

**IT IS FURTHER ORDERED** that the appeal (dkt. entry no. 47) should be marked as **TERMINATED.**


                                    s/ Mary L. Cooper
                                 **MARY L. COOPER**
                                 United States District Judge